[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-10162
_____

D.C. Docket No. 05-00378 CV-C-S

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 05, 2007
THOMAS K. KAHN
CLERK

MARTHANN BUSH,

                                          Plaintiff-Counter Defendant-
                                          Cross Defendant-Appellee,

versus

BONITA BUSH FLYNT,
JOHN MARTIN BUSH,
HENRY BRACKIN BUSH,

                                          Defendants-Counter Defendants-
                                          Counter Claimants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

**(December 5, 2007)**

Before BIRCH, CARNES and COX, Circuit Judges.

PER CURIAM:

## 1. Background

Dr. John Bush ("Dr. Bush") died on November 29, 2004. During his lifetime, he entered into several contracts with TIAA-CREF that required payment of certain benefits to named beneficiaries upon his death.

About a week before Dr. Bush's death, his children, Bonita Flynt, John Bush, and Henry Bush ("the Bush children"), learned that Dr. Bush's wife (their step-mother), Marthann Bush ("Marthann"), was attempting to change the beneficiary designations on some of the TIAA-CREF contracts. In response to this unwelcome news, John Bush, acting pursuant to a power of attorney given him by Dr. Bush in March 2001, completed forms on November 24, 2004, to remove Marthann as the sole beneficiary on two of the TIAA-CREF contracts ("the C and U contracts"). John Bush mailed the forms to TIAA-CREF in February 2005, more than two months after Dr. Bush's death. John Bush stated in his affidavit that the reason for this delay was that a TIAA-CREF official told him that they were in possession of a power of attorney from Dr. Bush naming Marthann as his attorney-in-fact. (Marthann had obtained this power of attorney from Dr. Bush while he was in an impaired state, and it is undisputed that it was invalid.) TIAA-CREF and John Bush apparently believed that John Bush's power of attorney was void.

This litigation ensued. The Bush children sought a declaration that their attempt to change the beneficiaries of the C and U contracts was effective, even though the appropriate forms were mailed after Dr. Bush's death. They also sued Marthann for fraud, conversion, and deceit.

The district court granted partial summary judgment in favor of Marthann, holding that John Bush's act of mailing the change of beneficiary forms after Dr. Bush's death was ineffective since his power of attorney expired upon Dr. Bush's death. Thus, the court held, Marthann remained the sole beneficiary of the C and U contracts. And, following a bench trial, the district court found against the Bush children on their Alabama state law claims against Marthann alleging fraud, conversion, and deceit. The Bush children challenge both rulings on this appeal.

## 2. The Contract Claims

The district court held, as a matter of law, that John Bush's power of attorney expired when Dr. Bush died. Thus, the court reasoned, John Bush had no power to mail the change of beneficiary forms, since this was an act pursuant to powers granted by a power of attorney.

The Bush children contend that summary judgment with respect to the disposition of the C and U contracts should be reversed because Marthann did not attach the contracts as exhibits to her summary judgment motion. They also argue that

3

the district court erred by holding that John Bush's power of attorney was not coupled with an interest. Alternatively, they argue that John Bush's power of attorney *was* coupled with an interest, and thus the powers conferred by it extended past Dr. Bush's death. Finally, the Bush children contend that John Bush's act of mailing the change of beneficiary forms to TIAA-CREF was effective since he was acting as a bailee of his late father, rather than an agent. We address each argument in turn.

The disputed issues before the district court involved the change of beneficiaries. And the contract provisions relating to change of beneficiary were before the court as attachments to an affidavit filed by John Bush. (R.1-33, Ex. A.) Thus, the fact that Marthann did not attach the contracts as exhibits to her summary judgment motion is irrelevant.

The district court recognized the general rule that the authority conferred upon John Bush by the power of attorney expired upon Dr. Bush's death. The court then held that his power of attorney was not coupled with an interest, which would be an exception to the general rule, allowing it to continue after Dr. Bush's death. The district court did not err in deciding summary judgment on an issue that the parties did not brief. And, we find no error in the determination that John Bush's power of attorney was not coupled with an interest.

The Bush children also contend that John Bush acted as a bailee for Dr. Bush when he mailed the change of beneficiary forms. Thus, they argue, his powers and duties as a bailee for his late father continued after his death and the change of beneficiaries was effective. We reject this argument. The Bush children cite only one case, *Cutcliffe v. Chestnut*, 190 S.E. 2d 800 (Ga. App. 1972), to support this position. *Cutcliffe* involved a decedent who had given a friend money and authorized him to purchase stock on his behalf and await his instructions. Then, the decedent died. When the decedent's estate demanded the stock, the court ruled that when the decedent requested that his friend hold the stock, the friend became the custodian of the stock and bound by the laws of bailment rather than agency.

*Cutcliffe* is readily distinguishable from this case. Dr. Bush did not ask John Bush to be a custodian of the change of beneficiary documents. John Bush undertook the changes as an agent rather than a bailee. We see no reason to depart from the general rule that John Bush's power of attorney expired upon Dr. Bush's death.

We find no error in the district court's decision to grant partial summary judgment in favor of Marthann on the C and U contracts.

### 3. The Tort Claims

After a bench trial, the district court found in favor of Marthann on all state law claims brought by the Bush children. The court held that the claims failed

5

because the Bush children could point to no duty that Marthann owed them, and, in the alternative, failed to demonstrate any reliance on any alleged fraudulent misrepresentation. The crux of the Bush children's state law claims against Marthann was that they did not mail the change of beneficiary forms to TIAA-CREF because they believed that Marthann's fraudulently obtained power of attorney was valid.

The Bush children argue that we should reverse the district court on the state law claims, because it applied an outdated "justifiable reliance" standard. They also contend that Marthann owed them a duty to refrain from deceiving them.

"Reasonable reliance" is the correct standard under Alabama law. *See Foremost Ins. Co. v. Parham*, 693 So. 2d 409 (Ala. 1997). So, the Bush children are correct that the district court applied the wrong reliance standard, but the error was harmless. Marthann made no representations to John Bush upon which he relied in deciding when to mail the change of beneficiary forms. The absence of any reliance by John Bush defeats the fraud and deceit claims.

The question of duty is irrelevant, since there is no proof of fraud or deceit.

AFFIRMED.